# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GABRIEL SCHAAF,

                    Petitioner,             :     Case No. 3:20-cv-090

    - vs -                                       District Judge Thomas M. Rose
                                             Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                  :

                  Respondent.

# DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Gabriel Schaaf, is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 20). The Court has vacated the judgment previously entered in the case in order to rule on those Objections (ECF Nos. 21, 22, 24).

The only Objections made to the original Report and Recommendations ("Report," ECF No. 15) were directed to the Magistrate Judge's conclusions on Ground for Relief Two and the Supplemental Report only addressed those conclusions. The Magistrate Judge's conclusions as to Grounds One and Three are therefore ADOPTED.

In the Supplemental Report, the Magistrate Judge analyzed each alleged factual error to which Schaaf pointed in his Objections and analyzed each case on which Schaaf relied to claim legal error by the Twelfth District Court of Appeals. Schaaf again objects and is entitled to *de*

*novo* review by the Court of each portion of the Objections to the Supplemental Report to which he objects.

Schaaf emphasizes that he had left a voicemail message for the detectives on February 15, before the so-called lawn mower interview on June 8, that if they wanted to talk to him, they should make an appointment through his attorney (Objections, ECF No. 23, PageID 838).  It is undisputed that the detectives showed up at his house to interview him without setting up an appointment with his attorney.  They also did not Mirandize him before beginning the lawnmower interview, but only after taking him into custody at the end of that interview after he admitted that he had struck his son with a hatchet.

Schaaf argues his voicemail message can "be likened to invoking right to not speak. And, this can also be likened to requesting to have counsel present for questioning . . ."  (Objections, ECF No. 23, PageID 838-39).  Thus he argues the detectives had no right to question him during the lawnmower interview without his attorney present and the results of that interview should have been suppressed. *Id.*, citing *Connecticut v. Barrett*, 479 U.S. 523 (1987).

*Barrett* does not support Schaaf's claim.  In that case the defendant was in custody and at the police station.  Given *Miranda* warnings, he refused to make a written statement without his attorney present, but agreed to continue to answer questions orally.  The Supreme Court held that the Supreme Court of Connecticut had erred in suppressing the oral statements under *Miranda*.

In the Supplemental Report, the Magistrate Judge held that the requirement for *Miranda* warnings only applies when a suspect is in custody.  The Magistrate Judge relied on controlling Sixth Circuit precedent, ***Mason v. Mitchell,*** 320 F.3d 604 (6th Cir. 2003), for this proposition (Supplemental Report, ECF No. 20 PageID 830).

In his Objections, Petitioner asserts that the state court was required to consider the totality of the circumstances of the lawnmower interview to determine if he was in custody or the legal equivalent

when he made the incriminating statements (Objections, ECF No. 23, PageID 840).  He again quotes *United States v. Mendenhall*, 446 U.S. 544 (1980):

> Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the usage of language or tone of voice indicating that compliance with the officer might be compelled.

446 U.S. at 554.  He also cites facts reported in the *Mendenhall* opinion which led the Supreme Court to conclude no seizure had taken place in that case (Objections, ECF No. 23, PageID 840-41).

A habeas corpus court does not review *de novo* the application of law to fact by the courts of the convicting State.  Rather, it must determine whether that application was objectively unreasonable. 28 U.S.C. § 2254(d)(1).  To overturn the state court decision, a habeas petitioner must show "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."      *White v. Wheeler*, 577 U.S. 73 (2015)(*per curiam*), quoting *White v. Woodall*, 572 U.S. 415 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Looking only at the factors quoted from *Mendenhall*, it is clear that the state court's decision in this case was not objectively unreasonable.  While the detectives were armed, they did not unholster or otherwise display those weapons nor did they touch Schaaf until they finally arrested him.  The use of a totality of the circumstances test implies that there is no one factor which will turn a questioning from non-custodial to custodial.

Petitioner relies heavily on *United States v. Ray*, 803 F.3d 244 (6th Cir. 2015).  In that case the Sixth Circuit interpreted *Missouri v. Seibert*, 542 U.S. 600 (2004), a case which did not produce

a majority opinion in the Supreme Court. *Ray* was before the circuit court on direct appeal and was remanded for application of the standard, newly-announced in *Ray*, in the first instance by the District Court.  In this habeas corpus case we are not concerned with applying a standard in the first instance.  Nor can we reverse if we find the Ohio courts did not follow *Ray*.  Instead, we may grant the writ only if the state court decision was an objectively unreasonable application of the holding of the United States Supreme Court in a relevant case.  The Court is convinced the Magistrate Judge correctly analyzed the relevant Supreme Court precedent and the Supplemental Report is therefore correct in concluding the state court decision on the Fifth Amendment issue is objectively reasonable.

**Conclusion**

Having considered *de novo* those portions of the Supplemental Report to which petitioner has objected, the Court OVERRULES those Objections and adopts the Supplemental Report as well as adopting the original Report to the extent Petitioner did not object to it.  It is therefore ordered that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 22, 2020                                    *s/Thomas M. Rose

                                                    _____
                                                         Thomas M. Rose
                                                    United States District Judge